UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 3:16-CR-68 JD |
| | ) | |
| ISAIAH DEONTE JOVAN BEAVERS | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by Acting United States Attorney Clifford D. Johnson and by Assistant United States Attorney Kenneth M. Hays, and file the Government's Sentencing Memorandum.

**Sentencing Law Generally**

After *United States v. Booker*, 543 U.S. 220 (2005), sentencing involves a three-step process: (1) courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*; (2) courts must formally rule on any departure motions and state on the record whether it is granting a departure and how that departure affects the Guidelines calculation, if at all; and (3) courts must consider relevant factors found in Title 18 U.S.C. § 3553(a).

1

This Court, of course, should use the Guidelines as a 'starting point.' *United States v. Glosser*, 623 F.3d 413, 418 (7th Cir. 2010). The Guidelines are not to be presumed reasonable at the district court level. *Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 2465, 2007 WL 1772146, 9 (2007). The court need not discuss every 3553(a) factor. *United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005).

## Remaining Guideline Calculation Issues

This case does not appear to present any issues regarding the correct guideline calculation since both parties have indicated that they do not have an objection to the Presentence Report. See, Addendum to the Presentence Report. Docket Entry 52.

## Section 3553(a) Issues

Because the Court must address and balance the factors identified by Congress in Title 18, United States Code, Section 3553(a), the government offers the following observations.

*Nature and Circumstances of the Offense
and the History and Characteristics of the Defendant*

In early July 2016, Mr. Beavers wrote a series of posts on his Facebook account that contained two threats which were the subject of this two-count indictment. The posts were part of an ongoing spree of posts by Mr. Beavers on his Facebook page.

On about July 7, 2016, Mr. Beavers willfully made a threat and maliciously conveyed false information concerning an alleged attempt to intimidate and to damage buildings by fire in a post that he made on his Facebook account.  Specifically, he posted an image of an announcement about a rally sponsored by representatives of the Black Lives Matter movement that was to take place in South Bend, Indiana, which is in the Northern District of Indiana.  He wrote that he was going to attend the rally and would have "bottles (with gasoline in it)."  He included images of a gun, flames, and buildings, and added "lets burn this bitch down."  This threat was the basis of count one of the indictment.

Mr. Beavers was arrested prior to the beginning of the rally.  He told the arresting agents that he did not plan to attend the rally.  He posted a comment on his Facebook page to the same effect.  When Mr. Beavers was arrested, agents did not locate any weapons, firearms, nor bottles filled with gasoline.

On July 9, 2016, a couple of hours before Mr. Beavers was arrested, he knowingly transmitted another electronic communication on his Facebook page which contained a threat to injure another person and he knew it would be viewed as a threat.  Specifically, he posted an image of a person (likely a police officer) who appeared to be wearing a riot helmet and face shield.  A hand is holding a revolver and material can be seen in the image blowing out

of the back of the person's head. The image says "Speak to Cops in a Language They Understand." This threat was the basis of count two of the indictment.

Mr. Beavers, now age 26, has seven criminal history points and is in criminal history category IV. P.S.R. ¶¶ 56, 95. His contact with the justice system began when he was age seven with a truancy warning. P.S.R. ¶ 36. His first adult conviction (misdemeanor, possession of marijuana) occurred in 2009 at age 19, resulting in a 50-day sentence in the county jail. P.S.R. ¶ 38. Due to threatening behavior directed towards the conditional discharge program staff, he was removed from that program. P.S.R. ¶ 39. His next contact with the law, also occurring at age 19, occurred when he struck and choked the mother of his child during an argument, resulting in a sentence of 94 days. P.S.R. ¶ 40.

Mr. Beavers' first felony conviction occurred when he was 22 years old. Mr. Beavers was found at the scene of a traffic accident. A revolver and heroin found in the car led to convictions for carrying a handgun without a license and possession of heroin. P.S.R. ¶ 42, 43. Mr. Beavers had "five orange baggies and five black baggies that were determined to contain heroin." He served an 18-month term and was released from IDOC on April 15, 2014.

Not long after he was released from custody, Mr. Beavers rapidly collected three misdemeanor charges for driving while suspended, possession of marijuana and disorderly conduct.  P.S.R. ¶ 44 – 49.  He received fines and suspended sentences.  In June and September, 2015, he was charged in two more driving offenses, again receiving fines and suspended sentences.  P.S.R. ¶ 50 – 53.

Mr. Beavers was on probation for the last driving offense when he committed the pending federal charges.  P.S.R. ¶ 53.  Because the underlying offense is not countable, no additional criminal history points were added due to his probationary status.  P.S.R. ¶ 55.

Besides assorted criminal convictions, Mr. Beavers also has several cases pending besides this federal case.  He has a misdemeanor battery resulting in bodily injury case pending based on a January 2016 arrest by Mishawka Police, P.S.R. ¶ 58, 59, and two theft charges, P.S.R. ¶¶ 59 – 63, stemming from arrests on February 23 and April 27, 2016.

Mr. Beavers' work history is spotty at best.  He worked for two weeks at MAP of Easton.  P.S.R. ¶ 89.  He worked a couple months for Chassix, but was terminated for attendance and is not eligible to be rehired.  P.S.R. ¶ 89.  He worked for Imperial Stamping on three occasions, each time having been terminated for attendance issues, but is eligible to be rehired.  P.S.R. ¶ 90.

Mr. Beavers does not appear to have a substance abuse problem, P.S.R. ¶ 86, notwithstanding various admissions to drug use and miscellaneous contacts with the law involving drugs.

*The Need to Reflect the Seriousness of the Offense,
Promote Respect for the Law and Provide Just Punishment for the Offense*

A sentence within the Guideline Recommended Range appears appropriate in this case.  There is nothing particularly unusual about the nature of the threats Mr. Beavers posted: while they were deeply offensive, especially to law enforcement, he clearly did not have the ability or attention to carry out the threats.  His threats could easily be read as an effort to incite violence, but his lack of plans to attend the rally diminishes his intent.

*The Kinds of Sentences Available*

Mr. Beavers is exposed to a maximum sentence of fifteen years when both counts of the indictment are considered.  The Guideline range is from 15 months to 21 months.  P.S.R. ¶ 94, 95.  He faces a term of up to three years Supervised Release.  P.S.R. ¶ 96 – 99.

*The Need to Avoid Unwarranted Sentencing Disparities*

It is of course widely recognized now that the best hope of avoiding unwarranted sentencing disparities is to impose a sentence within a properly calculated Guideline range.  Here, the range is from 15 months to 21 months.  Mr. Beavers should receive the same sentence as others who commit the

same offense, notwithstanding where the offense occurred or which judge imposes the sentence.

## United States' Sentencing Recommendation

Given the sentencing range recommended by the United States Sentencing Guidelines, combined with a consideration of the Section 3553(a) factors leads the government to recommend to the Court that it impose a sentence of 18 months, the midpoint of the Guideline range.

                Respectfully submitted,

                CLIFFORD D. JOHNSON
                ACTING UNITED STATES ATTORNEY

                */s/Kenneth M. Hays*
By:  Kenneth M. Hays
      Assistant United States Attorney
      United States Attorney's Office
      Northern District of Indiana
      M 01 Federal Building
      204 South Main Street
      South Bend, Indiana 46601
      Tel:  (574) 236-8287
      Fax:  (574)236-8155
      Email: Kenneth.hays@usdoj.gov

## AFFIDAVIT OF SERVICE

I certify that I electronically filed, or caused to be filed, the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: NONE.

/s/ *Kenneth M. Hays*
United States Attorney's Office
204 South Main Street
Room M01
South Bend, IN 46601
(574) 236-8287